**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

**5:06-CV-578**
**(NAM/GJD)**

**$1,073,200.00 IN UNITED STATES CURRENCY,**

        **Defendant.**
_____

APPEARANCES:

Office of James R. McGraw
333 East Onondaga Street
Syracuse, NY 13202
For Claimant Jerome Honyoust Rockwell

Glenn T. Suddaby, United States Attorney
Office of United States Attorney - Albany
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, NY 12207-2924

OF COUNSEL:

James R. McGraw, Esq.

Thomas A. Capezza,
Assistant United States Attorney

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## ORDER

### INTRODUCTION

Claimant Jerome Honyoust Rockwell moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the government's verified complaint of forfeiture *in rem* against $1,073,200.00 in United States Currency on the basis that the government filed the complaint after the statute of limitations had expired. Accordingly, claimant seeks return of the currency without forfeiture pursuant to 18 U.S.C. § 983(a)(3)(A) and (B). The government opposes claimant's motion.

**BACKGROUND**

According to the complaint, on September 9, 2005, Lt. David Blige of the Bryan County, Georgia Sheriff's Office was "working traffic on Interstate I-95" when he observed a Chevrolet Silverado with a New York license plate "weaving over the roadway." Lt Blige stopped the vehicle and requested the driver, Rockwell, of Nedrow, New York to step to the rear of the vehicle. Rockwell told Lt. Blige he was traveling from New York to Miami, Florida to meet his wife. Lt. Blige advised Rockwell that he had stopped him because he had been weaving over the roadway and asked if he was tired. Rockwell responded that he was tired, but that he was trying to reach Jacksonville, Florida before stopping for the night.

Lt. Blige informed Rockwell that "persons traveling on I-95 are known to transport explosives, guns, drugs and large sums of U.S. currency in their vehicles" and asked Rockwell if he had any of those items in his vehicle. Rockwell replied that he did not, but, assented to Lt. Blige's request to search the vehicle and its contents.

Lt. Blige and Deputy Lee Walker, of the Bryan County Sheriff's Office, who had arrived on the scene searched the vehicle and found $35,000 in currency in the center console of the vehicle and a green suitcase which, according to Rockwell, contained over $1,000,000 in currency. Rockwell claimed the currency was his "personal money" and, during a subsequent interview and written statement, stated that he was an Native American and a medicine man, and that the currency constituted donations he received as a result of his ability to heal people.

Georgia law enforcement conducted a "five-bag test with his K-9 partner", which entails "having five bags, one of which has the subject defendant currency, and the other four bags are arranged to look just like the bag containing the defendant currency." According to the

complaint, the "K-9 alerted on the bag containing the defendant currency, which is an indication that the K-9 detected the scent or presence of a controlled substance." The complaint also details information from several confidential sources, one of whom stated that he believed Rockwell was involved in narcotics trafficking and that Rockwell had connections to Roger Cook, who another confidential source identified as a marijuana distributor on the Onondaga Indian Nation.

The Drug Enforcement Administration seized the defendant currency and it is in the custody of the United States Marshals Service and has been deposited into the Seized Assets Fund.

According to the complaint, on or about October 24, 2005, Rockwell's attorney submitted a claim of ownership on Rockwell's behalf to the Drug Enforcement Administration in order to obtain judicial determination of the seizure of the defendant currency. On May 10, 2006, the government filed the instant complaint for forfeiture *in rem* of the defendant currency pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(c), and 21 U.S.C. § 881(a)(6) based on reasonable cause to believe the property constitutes or is traceable to: proceeds furnished or intended to be furnished in exchange for controlled substances or was used to facilitate felony violations of 21 U.S.C. §§ 841(a)(1) and 846; property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) or 1956(a)(1)(B)(I); and proceeds of some other form of specified unlawful activity set forth in 18 U.S.C. § 1956(c)(7). Rockwell moves to dismiss the complaint on the basis that it is barred by the statute of limitations.

## DISCUSSION

When considering a motion to dismiss a complaint under Rule 12(b)(6), a court "'must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.'" *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A court may not dismiss an action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley*, 355 U.S. at 45-46.  "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

"Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted". *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.").  Accordingly, although both parties have submitted evidence outside the pleadings, the Court has confined its review to the complaint.

Rockwell argues that because the government failed to file a complaint within 90 days of the filing of his claim, the complaint fails to state a claim upon which relief can be granted

4

and the government must release the defendant currency.  The government opposes Rockwell's motion to dismiss and argues that forfeiture claims are subject to a five year statute of limitations, *see* 19 U.S.C. § 1621, and that § 983(a)(3)(A), is a filing deadline which expressly affords the Court the authority to extend the filing period for good cause shown.

As part of the Civil Asset Forfeiture Reform Act of 2000, "[a]ny person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure[ ]" and this claim "may be filed not later than the deadline set forth in a personal notice letter[.]" 18 U.S.C. § 983(a)(2)(A)-(B). "Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture . . . or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." *Id*. at § 983(a)(3)(A).  If the Government fails to file its complaint within 90 days, it must return the seized property and is prohibited from taking "any further action to effect the civil forfeiture of such property in connection with the underlying offense." *Id*. at § 983(a)(3)(B).

In this case, according to the complaint, Rockwell filed a claim on the seized currency on or about October 24, 2005.  On May 10, 2006, 198 days after the Drug Enforcement Administration received Rockwell's claim, the government filed the instant complaint.  Nothing in the complaint suggests that the government requested an extension of time for filing the complaint.  Since the government failed to file its complaint within 90 days as required by § 983(a)(3)(B), and did not request an extension of time for filing the complaint, the complaint is

5

untimely. Thus, the complaint fails to state a claim upon which relief can be granted.[1]

Accordingly, Rockwell's motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that claimant Rockwell's motion to dismiss (Dkt. no. 9) the verified complaint of forfeiture *in rem* against $1,073,200.00 in United States Currency for failure to state a claim is GRANTED.

IT IS SO ORDERED.

Dated: March 30, 2007

_____
Norman A. Mordue
Chief United States District Court Judge

---

[1] Relying on materials outside the complaint, the government argues that it timely filed a complaint in the Southern District of Georgia on January 20, 2006, 88 days after Rockwell filed his claim. The government, however, through the United States Attorney for the Southern District of Georgia, voluntarily dismissed that complaint without prejudice pursuant to Rule 41(a)(1)(i) on March 15, 2006. Even if the Court were to consider this argument and assume the filing of that complaint in the Southern District of Georgia tolled the filing period, and the calculation of the 90 days resumed upon dismissal, the filing of the instant complaint on May 10, 2006, 56 days after the government voluntarily dismissed the complaint in the Southern District of Georgia, would still be untimely. The government cites no case law indicating that the 90 day time period starts anew upon the voluntary dismissal of a complaint.

The government further asserts that because it served the instant complaint within 120 days of the filing of the complaint in the Southern District of Georgia it complied with the 120 day service requirement of Rule 4(m). The government therefore argues that the Court should find it adhered to § 983(a)(3)(A). Again, the government cites no case law for this proposition, nor does the statute contain any indication that so long as the government meets Rule 4(m)'s service requirement, it is in technical compliance with § 983(a)(3)(A). Thus, the government's argument is without merit.